1 | Kent Khtikian, Esq. (#99843)
Conor D. Mack, Esq. (#253878)
2 | Katzenbach and Khtikian
1714 Stockton Street, Suite 300
3 | San Francisco, California  94133-2930
Telephone: (415) 834-1778
4 | Facsimile: (415) 834-1842

5 | Attorneys for Plaintiffs

6 | Guarav Bobby Kalra, Esq. (#219483)
Veda Counsel, Attorneys at Law
7 | 770 L Street, Suite 950
Sacramento, California 95814
8 | Telephone: (916) 492-6088
Facsimile: (916) 492-6087

9 |
Attorney for Defendant
10 | CAPITOL CITY TILE AND MARBLE INC.

11 |

12 |

13 |                       UNITED STATES DISTRICT COURT

14 |                       NORTHERN DISTRICT OF CALIFORNIA

15 |

16 | TRUSTEES OF THE BRICKLAYERS LOCAL    ) CASE NO. CV 10-5160 MEJ
NO. 3 PENSION TRUST; TRUSTEES OF THE   )
LOCAL NO. 7 PENSION TRUST; TRUSTEES    )
17 | OF THE BRICKLAYERS LOCAL NO. 3        )
HEALTH AND WELFARE TRUST; TRUSTEES     ) JOINT CASE MANAGEMENT
18 | OF THE BRICKLAYERS AND ALLIED         ) STATEMENT;
CRAFTS LOCAL NO. 3 APPRENTICE          ) [proposed] ORDER RESETTING CASE
19 | TRAINING TRUST; INTERNATIONAL UNION   ) MANAGEMENT CONFERENCE
OF BRICKLAYERS AND ALLIED              )
20 | CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, )
on behalf of itself and as agent for its members; )
21 | TRUSTEES OF THE INTERNATIONAL UNION   )
OF BRICKLAYERS AND ALLIED              )
22 | CRAFTSMEN PENSION FUND; TRUSTEES OF   )
THE NORTHERN CALIFORNIA TILE           )
23 | INDUSTRY PENSION TRUST; TRUSTEES OF   )
THE NORTHERN CALIFORNIA TILE           )
24 | INDUSTRY HEALTH AND WELFARE TRUST     )
FUND; TRUSTEES OF THE NORTHERN         )
25 | CALIFORNIA TILE INDUSTRY              )
APPRENTICESHIP AND TRAINING TRUST      )
26 | FUND; TILE INDUSTRY PROMOTION FUND    )
OF NORTHERN CALIFORNIA, INC., a not-for- ) Date:       February 24, 2011
27 | profit California corporation; and TILE   ) Time:       10:00 a.m.
EMPLOYERS CONTRACT ADMINISTRATION     ) Courtroom:  B, 15th Floor
28 | FUND,                                 )           (San Francisco)
                                         )

| | |
|---|---|
| 1 | Plaintiffs,                                           ) |
| 2 | vs.                                                    ) |
| 3 | CAPITOL CITY TILE AND MARBLE INC., a                   ) |
| | California corporation; TURNER                         ) |
| 4 | CONSTRUCTION COMPANY, a New York                       ) |
| | corporation; INTERNATIONAL FIDELITY                    ) |
| 5 | INSURANCE COMPANY, a New Jersey                        ) |
| | corporation; AMERICAN CONTRACTORS                      ) |
| 6 | INDEMNITY COMPANY, a California                        ) |
| | corporation; TRAVELERS CASUALTY AND                    ) |
| 7 | SURETY COMPANY OF AMERICA, a                           ) |
| | Connecticut corporation,                               ) |
| 8 | | ) |
| | Defendants.                                            ) |
| 9 | | ) |
| 10 | _____ ) |

Pursuant to this Court's Civil Local Rule 16-9 and FRCivP 16(b), Plaintiffs and Defendant Capitol City Tile and Marble Inc., (hereinafter "Capitol City") hereby submit this Joint Case Management Statement And Proposed Order.

Capitol City was served with the complaint and summons on January 15, 2011 and filed its answer on February 3, 2011.  On December 16, 2010 Defendants Federal Insurance Company, Fidelity and Deposit Company of Maryland, Zurich American Insurance Company, The Insurance Company of the State of Pennsylvania, the State of California, Administrative Office of the Courts, and Kaiser Foundation Hospitals were dismissed without prejudice.  On February 16, 2011 Plaintiffs requested the dismissal, without prejudice, of Turner Construction Company, and Travelers Casualty and Surety Company of America.  The final two remaining defendants, International Fidelity Insurance Company ("IFIC") and American Contractors Indemnity Company ("ACIC") have not yet been served as Plaintiffs have been negotiating a resolution of their claims against those defendants.

Plaintiffs and Capitol City respectfully request that the Court continue the Case Management Conference currently scheduled for February 24, 2011 for 60 days, until April 28, 2011, for the following reasons.

Plaintiffs and Capitol City are negotiating a settlement with the hopes of entering into a Stipulated Judgment.  The anticipated settlement would resolve Plaintiffs' claims against the

other two remaining defendants as well.  Should Plaintiffs and Capitol City not be able to resolve the matter, a 60 day continuance will allow Plaintiffs to sufficient time to serve the remaining defendants who have not yet appeared.

**A. STATEMENT OF FACTS AND EVENTS UNDERLYING THE ACTION**

Plaintiff,  INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN AFL-CIO, LOCAL UNION NO. 3 (hereinafter "Bricklayers Local Union No. 3") and Defendant Capitol City were parties to collective bargaining agreements (the "Agreements") at all times material to this action.  Pursuant to the terms of the Agreements, Capitol City agreed to pay certain wages and fringe benefits for all hours worked in the 45 Northern California counties within the Union's geographic jurisdiction by persons employed by Capitol City as marble, tile and PCC employees.

Plaintiffs allege that Capitol City has breached the Agreements and violated provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), by refusing or failing to: (i) to pay fringe benefit contributions for work performed totaling at least $100,083.49 and interest thereon; (ii) to pay fringe benefits and wages when due; (iii) to pay liquidated damages in the amount of at least $78,945.68 and interest on late payments of fringe benefits as agreed;  and (iv) to submit monthly report forms covering November 1, 2010 to present.

Plaintiffs allege that Capitol City obtained contractor's license bonds underwritten by IFIC and ACIC pursuant to California Business and Professions Code section 7071.6.  These bonds indemnified persons employed by Capitol City for Capitol City's failure to pay full wage and fringe benefit contributions due.

**B. PRINCIPAL ISSUES**

**1. The principal factual issues that the parties dispute are:**

Capitol City disputes the amounts owed to Plaintiffs.

**2. The principal legal issues that the parties dispute are:**

Capitol City disputes liability and alleges that Plaintiffs have unclean hands.

**3. The following issues as to service of process, personal jurisdiction, subject matter jurisdiction or venue remain unresolved:**

None.

**4. The following parties have not yet been served:**

Defendants International Fidelity Insurance Company and American Contractors Indemnity Company have not yet been served as Plaintiffs have been negotiating a resolution of their claims against those defendants.

**5. Any additional parties that a party intends to join are listed below:**

None at this time.

**6. Any additional claims that a party intends to add are listed below:**

None.

**C. ALTERNATIVE DISPUTE RESOLUTION**

**The parties make the following additional suggestions concerning settlement:**

Plaintiffs request a settlement conference before a United States Magistrate Judge.

**The Court hereby orders:**

**D. CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

Plaintiffs consent to proceed before a magistrate judge and filed their consent to proceed before a magistrate judge on November 17, 2010 as document 4 herein.

**The Court hereby refers this case for the following purposes to a magistrate judge:**

**E. DISCLOSURES**

**The parties certify that they have made the following disclosures:**

On February 16, 2011 Plaintiffs served their initial disclosures on all Capitol City.  Initial disclosures have not yet been served by Capitol City.

**1. Persons disclosed pursuant to FRCivP Rule 26(a)(1):**

    **a. Disclosed by Plaintiffs:**

Tom Spear, President, BAC Local 3
Benay W. von Husen, Widlund Company Auditing Service "Widlund"
Sharon Turner, Allied Administrators
Robin Niznik, BeneSys Administrators
Roger Leasure, Capitol City
Karen Sorenson, Capitol City
Capitol City's employees from January 1, 2009 until present.

    **b. Disclosed by Defendants:**

None.

**2. Categories of documents disclosed under FRCivP Rule 26(a)(1) or produced through formal discovery:**

    **a. Categories of documents disclosed by Plaintiffs:**

    1. Collective Bargaining Agreements (Marble, Tile and PCC);
    2. Plaintiffs' trust agreements;
    3. Plaintiffs' trust fund records of defendant's reports and payments to the plaintiffs' trust funds;
    4. Correspondence between plaintiffs and defendant;
    5. Trust records of payments made by Capitol City.
    6. Union records of apprentices, members and registered pre-apprentices.
    7. The forthcoming Audit Report to be prepared by Widlund Company Auditing Service,
    8. Correspondence between plaintiffs and the defendants already dismissed from this action,
    9. The Contractors' License Bond between Capitol City and defendant International Fidelity Insurance Company,
    10. The Contractors' License Bond between Capitol City and defendant American Contractors Indemnity Company.

    **b. Categories of documents disclosed by Defendants:**

None.

**3. Each party who claims an entitlement to damages or an offset sets forth the following preliminary computation of the damages or of the offset:**

On the basis of remittance reports submitted to plaintiffs by Capitol City, plaintiffs believe that the principal amount owed to plaintiffs, after all just offsets for payments already received, is at least $28,501.79, calculated as follows:

| | |
|---|---:|
| Principal Owed: | $100,083.49 |
| Liquidated Damages: | 78,945.68 |
| Attorney's Fees  (to 1/31/11): | 6,578.50+ |

| | |
|---|---|
| SUBTOTAL: | $185,607.67 |
| Credit for payments received since complaint filed: | (157,105.88) |
| **TOTAL:** | **$28,501.79** |

This calculation excludes any principal owed for work performed from November 1, 2010 to present and liquidated damages thereon, accruing interest, additional attorney's fees and all costs, all of which plaintiffs will seek as additional damages.

    **4.  All insurance policies as defined by FRCivP 26(a)(1)(D) have been disclosed as follows:**

        None disclosed.

    **5. The parties will disclose the following additional information by the date listed:**

        Not required at this time.

    **6. Disclosures as required by FRCivP 26(e) will be supplemented at the following intervals:**

        Every 30 days commencing May 1, 2011 if supplemental information is discovered.

**F. EARLY FILING OF MOTIONS**

    **The following motions expected to have a significant effect either on the scope of discovery or other aspects of the litigation shall be heard by the date specified below:**

        Should a stipulated judgment not be entered into within 30 days, Plaintiffs will serve IFIC and ACIC.  Should either Defendant not answer, Plaintiffs will request their default and move for default judgment.  After discovery, Plaintiffs intend to file a motion for summary judgment.

**G. DISCOVERY**

    **1.  The parties have conducted or have underway the following discovery:**

        None.

    **2. The parties propose the following discovery plan:**

        The deadline for completion of all discovery, expert and non-expert be September

9, 2011 and that the dates for filing of dispositive motions will be November 4, 2011 and trial be 90 days thereafter.

The parties are to disclose expert witnesses, if any (their identities, resumes, final reports and other matters required pursuant to the Federal Rules of Civil Procedure) by no later than July 8, 2011.

**3. Limitations on discovery tools.**

      **a. depositions (excluding experts) by:**

            **plaintiffs:** no limit     **defendant:** no limit

      **b. interrogatories served by:**

            **plaintiffs:**  25

            **defendants:** 25

      **c. document production requests served by:**

            **plaintiffs:**  no limit   **defendants:** no limit

      **d. requests for admission served by:**

            **plaintiffs:**  no limit   **defendants:** no limit

**4.  The parties propose the following limitations on the subject matter of discovery:**

All matters relevant to or calculated to lead to the discovery of evidence relevant to the issues raised by the complaint and defendants' answers to the complaint.

**5. Discovery from experts.**

None planned at this time.

**6. The Court orders the following additional limitations on the subject matter of discovery:**

**7. Deadlines for disclosure of witnesses and completion of discovery:**

See paragraph G(2) above.

///

**H. PRETRIAL AND TRIAL SCHEDULE**

      **1. Trial date:** None set.

      **2. Anticipated length of trial (number of days):** 1 to 2 days.

      **3. Type of trial:** Court.

      **4. Final pretrial conference date:**

      **5. Date required for filing the joint pretrial conference statement and proposed pretrial order required by Civ.L.R. 16-10(b), complying with the provisions of Civ.L.R. 16-10(b)(6)-(10) and such other materials as may be required by the assigned judge:**

      **6. Date for filing objections under Civ.L.R. 16-10(b)(11) (objections to exhibits or testimony):**

      **7. Deadline to hear motions directed to the merits of all or part of the case:** See paragraph G2 above.

      **NOTE: Lead trial counsel who will try this case shall meet and confer at least 30 days prior to the pretrial conference for the purpose of Civ.L.R. 16-10(b) which includes preparation of that joint pretrial conference statement and all other materials required by § H.5 above.  Lead trial counsel shall also be present at the pretrial conference.  (See FRCivP 16(d).)**

**I. Date of next case management conference:**

**J. OTHER MATTERS**

///
///

**K. IDENTIFICATION AND SIGNATURE OF LEAD TRIAL COUNSEL**

 /s/ Kent Khtikian
Kent Khtikian, Esq.
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
(415) 834-1778; FAX (415) 834-1842
Attorneys for Plaintiffs

 /s/ Guarav Kalra
Guarav Bobby Kalra, Esq. (#219483)
Veda Counsel, Attorneys at Law
770 L Street, Suite 950
Sacramento, California 95814
Telephone: (916) 492-6088
Attorney for Defendant CAPITOL CITY

**Attestation Of Concurrence**

I, Conor Mack, declare that Guarav Bobby Kalra has signed the Document set forth above and that I have in my possession his signature on this document.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of February 2011, in San Francisco, California.

 /s/ Conor Mack
Conor D. Mack

Good cause appearing, the Court hereby orders that the Case Management Conference scheduled for February 24, 2011 is rescheduled for April 28, 2011 at 10:00 a.m.  A joint case management conference statement shall be filed no later than April 21, 2011.

IT IS SO ORDERED

Dated:_____February 17, 2011_____    _____
                                              Hon. Maria-Elena James
                                              United States Chief Magistrate Judge